**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 03-0996-01 PHX-DGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Robert Louis Theede (1), ) | |
| Defendant. ) | |

Defendant Robert Louis Theede has filed a Petition for Relief. Dkt. #74. The government has filed a response. Dkt. #75. Defendant has not filed a reply. For the reasons that follow, the Court will deny Defendant's petition.

**I.  Background.**

On December 6, 2004, a judgment was entered against Defendant for theft of government property in violation of 18 U.S.C. § 641. The Court placed Defendant on probation and ordered him to pay restitution in the amount of $79,228.00, with the Social Security Administration as the victim. The judgment called for monthly payments of $200.00.

In April of 2008, and independent of this criminal prosecution, the Social Security Administration began to withhold Defendant's social security benefits as an off-set against the amount wrongly obtained by Defendant. When the Financial Litigation Unit of the United States Attorney's Office learned of the off-set, it ceased efforts to collect Defendant's monthly restitution amounts. Defendant's petition states that the Social Security

1 Administration withheld $7,572.00 of his social security benefits for the year 2009.
2 Defendant asks the Court to order that this money be returned to him and that his obligation
3 be limited to the $200.00 per month contained in this Court's restitution order.

**II.     Analysis.**

The Social Security Act authorizes the Social Security Administration to recoup overpayments in the manner prescribed by regulation. 42 U.S.C. § 404(a)(1). Regulations promulgated pursuant to this statute provide that the Social Security Administration may withhold monthly social security benefits as an off-set in order to recoup an overpayment. 20 C.F.R. § 404.502(a). Although paragraphs (c) and (d) of the regulation provide that the off-set amount may be reduced to avoid financial hardship, these paragraphs do not apply if the overpayment was caused by the individual's intentional false statement, false representation, or wilful concealment of material information. 20 C.F.R. § 404.502(c)(2) & (d). Thus, it appears that applicable statutes and regulations authorize the Social Security Administration to recoup overpayments from Defendant Theede by withholding his social security benefits.

Defendant Theede provides no authority to suggest that the Social Security Administration's power is limited by this Court's restitution order in a criminal case. Nothing in this Court's order purported to limit other statutory or regulatory forms of recouping losses caused by Defendant's wrongful acts. The government's response to Defendant's petition makes clear that it is not attempting to recover restitution obligations in light of the Social Security Administration's off-set efforts.

In addition, it is not clear that this Court has jurisdiction over the Social Security Administration's off-set program. Defendant is before this Court in a criminal case, not in a civil action to constrain collection efforts by the Social Security Administration.

In summary, the Court concludes that Defendant has not shown that the off-set efforts are unlawful or that this Court has or should exercise jurisdiction to restrict those off-set efforts. As a result, the petition will be denied.

**IT IS ORDERED** that Defendant Robert Louis Theede's Petition for Relief (Dkt. #74) is **denied**.

DATED this 19th day of February, 2010.

_____
David G. Campbell
United States District Judge